IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINALD JOHNSON,                  :
                                   :
    Plaintiff,                     :
                                   :
vs.                                :      CIVIL ACTION 15-600-KD-M
                                   :
THE UNITED STATES                  :
DEPARTMENT OF JUSTICE,             :
*et. al*,                          :
                                   :
    Defendant.

REPORT AND RECOMMENDATION

This action brought by a Plaintiff proceeding *pro se,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on Defendants' Motion to Dismiss (Doc. 3), Plaintiff's Responses[1] (Docs. 11-15), and Defendants' Reply (Doc. 16). After careful consideration of the record, it is recommended that this action be dismissed with prejudice pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff did not actually file a pleading identified as a response. However, on the date in which Plaintiff's response was due (per Court Order), he filed multiple motions separately entitled Motion for Jury Trial, Motion to Reopen Mail Route, Motion for Federal Criminal Investigation, and Motion for Equal Protection of the Law (Docs. 11-14) and supporting exhibits (Doc. 15). Given the timing of these filings and because Plaintiff is *pro se*, this Court has considered these filings collectively as Plaintiff's response to Defendant's Motion to Dismiss (Doc. 3).

1

FACTUAL BACKGROUND

This action stems from a relocation of the mailbox at 42 Hildreth Drive, Satsuma, Alabama, in October, 2003, by a land developer. (Doc. 1 at p. 2). Thereafter, Plaintiff allegedly reported this relocation to multiple individuals, including Defendant English in 2008, Defendant Chapman in 2012, and Defendant Potter in 2013, and requested that the land developer be arrested for violating 18 U.S.C. 1705, 1701, and 1707. (*Id*. at p. 4). Additionally, in 2015, Plaintiff sent a letter to Defendant Brennan seeking permission to relocate the mailbox to its previous location and to reopen the mail route at Plaintiff's expense. (*Id*). No response was provided to Plaintiff by Defendants and as a result, Plaintiff filed his Complaint (Doc. 1) entitled "Conspiracy Against Plaintiff Rights Violation of Plaintiff Federally Protected Rights Deprivation of Plaintiff Rights Discrimination of Plaintiff Civil Rights and Mental Anguish" (hereinafter "Complaint") on November 23, 2015, alleging violations of his constitutional rights. More specifically, Plaintiff alleges "(1) Conspiracy against Rights under Title 18 U.S.C. Section 241, (2) Federally Protected Rights under Title 18 U.S.C. Section 245, (3) Deprivation of Plaintiff rights under Title 18 U.S.C. 242,

2

(4) Discrimination under Title VII of the Civil Rights Act of 1964, (5) the Civil Rights Act of 1866, 42 U.S.C. Section 1981, (6) and Mental Anguish." (Doc. 1 at p. 2).

Plaintiff named as Defendants, the United States Department of Justice, the Federal Bureau of Investigations ("F.B.I."), the United States Postal Service, Postmaster General Megan Brennan, Postmaster General John E. Potter, Special Agent in Charge of the F.B.I. Mobile Alabama Lewis M. Chapman, and the City of Satsuma Postmaster Kathy English.  For relief, Plaintiff requests Defendants "pay plaintiff the appropriate punitive, compensatory and all other applicable damages" and that the mailbox be relocated to its original location, the mail route reopened, and that Defendants be found "guilty on all counts."  (*Id*. at pp. 8-9).

## Standard of Review

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *Gilmore v. Day,* 125 F.Supp.2d 468, 470 (M.D. Ala. 2000).  A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n. 5 (11th Cir. 2003).  A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis

3

for subject matter jurisdiction. *Id.; Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). Further, for the purposes of the court's analysis, the allegations in the plaintiff's complaint are taken as true. *Id.* On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison,* 323 F.3d at 925. The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Gilmore*, 125 F.Supp.2d. at 471 (citing *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942)).

"Dismissal under Federal Rule of Civil Procedure 12(b)(6) 'on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.' " *Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 (11th Cir. 2005); *see also Fortner v. Thomas,* 983 F.2d 1024, 1028 (11th Cir. 1993)("[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion 'when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face

4

of the complaint.' "). Because a claim that the statute of limitations has run is an affirmative defense, defendants bear the burden of proof on the issue of when plaintiff's cause of action accrued. *See Smith v. Duff and Phelps, Inc.,* 5 F.3d 488, 492 n. 9 (11th Cir. 1993).

## Discussion

A.   18 U.S.C §§ 241, 242, and 245

Plaintiff's asserted claims under 18 U.S.C § 241, 242, and 245 are not viable private actions and are due to be dismissed.  18 U.S.C § 241 makes it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States and § 242 makes it a crime to deprive another of such rights, under color of law, on account of alienage, color or race. Lastly, section 245 makes it a crime for any person, whether acting under color of law or not, to intimidate, interfere with, or attempt to intimidate, interfere, or injure a person engaged in federally protected activities. 18 U.S.C. § 245.  These sections are criminal provisions and it is well settled that criminal provisions do not provide a private right of action.  *See Zinnia Chen v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (unreported) (Criminal statutes generally do not provide a private cause

of action).  Thus, to the extent that Plaintiff's claims are based on §§ 241, 242, or 245, they must be dismissed.

B. Sovereign Immunity

Plaintiff's claims against the Defendants for discrimination and/or constitutional violations, regardless of whether those claims are pursuant to the Fourteenth or Fifth Amendments[2], or under 42 U.S.C. § 1981, are due to be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction because the Defendants have not waived sovereign immunity.

Of the seven named Defendants, Plaintiff has identified four individuals, Defendants Brennan, Potter, English, and Chapman without specifying whether those individuals are being sued in their individual or official capacity.  Defendants have argued that because Plaintiff's Complaint is silent on the subject and because of the nature of the proceedings in this action, that these individuals are being sued in their official capacity, and this Court agrees.  Plaintiff has identified these individuals in the Complaint by their official title (either Postmaster of Special Agent of the F.B.I.) and requested that service be issued to these individuals at

---

[2] Plaintiff has not specifically set forth a claim under the Fifth Amendment.  However, because Plaintiff is *pro se*, this Court has liberally construed Plaintiff's Complaint and considered this ostensible claim.

6

their respective agency addresses.  Further, the type of relief sought by Plaintiff, i.e., to relocate his mailbox, and reopen the mail route (a discontinuance of the alleged wrong), suggests that Plaintiff is suing these individuals in their official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) citing to *Brandon v. Holt*, 469 U.S. 464, 469, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1951) ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed...").

A suit against a federal employee in his or her official capacity is another way of pleading action against the entity of which the officer is and agent.  *Smith v. Mercer*, 572 F. App'x 676, 679 (11th Cir. 2014) referring to *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Furthermore, federal agencies may not me sued *eo nomine.* *See Castleberry v. Alcohol Tobacco and Firearms*, 530 F.2d 672 at n.3 (5th Cir. 1976); *Covington County Bank v. R.J. Allen & Associates, Inc.*, 389 F. Supp. 415 (M.D. Ala. 1975).  As a result, the present action against four individual defendants in their official capacities and

against the remaining defendant agencies is, in reality, an action against the United States.

Plaintiff's claims against the United States based on constitutional violations are barred by sovereign immunity. *See Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983) (constitutional claims against federal employees in their official, as opposed to individual, capacities are barred by sovereign immunity). Likewise, section 1981 does not contain an express waiver of sovereign immunity and thus may not be used against the United States, *see United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir. 1982), or federal employees acting in their official capacities, see Penn v. Schlesinger, 490 F.2d 700, 703 (5th Cir. 1973), *rev'd on other grounds,* 497 F.2d 970 (5th Cir. 1974). The doctrine of sovereign immunity bars suit against the United States without its consent and waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953-54, 47 L.Ed.2d 114 (1976) (citations and quotations omitted). In the present action, the United States has not expressed consent, unequivocally or otherwise, and as a result, Plaintiff's claims for constitutional violations against it are due to be dismissed.

C.   Statute of Limitations

8

In addition to the above, Plaintiff's claims pursuant to 42 U.S.C. § 1981 and for mental anguish are due to be dismissed under Rule 12(b)(6) because they are time barred by the applicable statute of limitations.

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1981 is equal to the state statute of limitations for personal injury claims, which in Alabama is two years. *See Baker v. Gulf & Western Indus., Inc.*, 850 F.2d. 1480, 1482 (11th Cir. 1988) citing *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987)); Ala.Code § 6-2-38 (1975).

According to the Complaint, at the root of this action is the relocation of Plaintiff's mailbox at 42 Hildreth Drive, in Satsuma, Alabama in 2003, more than twelve years years ago. In the years since this relocation, Plaintiff has, on numerous occasions, sought judicial relief against the land developer and a review of the relevant court documents show that Plaintiff has been involved with no less then six lawsuits[3], not including the present action, pertaining to property located at 42 Hildreth Drive and/or

---

[3]*See Gilbert Leasing Company, Inc. v. Rose Mary Johnson, et al.*, Civil Action CV-97-3705-EBM filed in Mobile County Circuit Court; *Reginald Johnson v. Gilbert Leasing, Inc., and Harless/Stokke, Inc.*, Civil Action 99-00574-CB-M; *Shirley A. Johnson-Young and Viola Shaw v. MKH Properties, et al.*, Civil Action No. 01-04105-51; *Reginald Johnson v. City of Satsuma*, Civil Action No. 04-00445-CG-M; *Reginald Johnson v. Marilyn E. Wood, et al.*, Civil Action No. 05-00391-KD-B; and *Reginald Johnson and Shirley Johnson-Young v. Randall Champions, et al.*, Civil Action No. 12-00334-WS-M.

the relocation of the mailbox.[4]  Thus, it is clear from the Complaint that the statute of limitations has expired and Plaintiff's § 1981 claims are due to be dismissed.

Likewise, Plaintiff's claim of mental anguish is due to be dismissed as untimely.  A claim of mental anguish sounds in tort and "[a]bsent a waiver, of immunity the United States is immune from suit in tort." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).  Thus, the only avenue for Plaintiff to bring his tort claim in the present action is to do so under the partial waiver provisions of the Federal Tort Claims Act ("FTCA").  *See* 28 U.S.C. § 1346(b).  Under the FTCA, a tort claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). Generally, an FTCA claim "accrues" for purposes of the FTCA "at the time of the plaintiff's injury." *United States v. Kubrick,* 444 U.S. 111, 120, 100 S.Ct. 352, 358, 62 L.Ed.2d 259 (1979).  More specifically, the claim "accrues" when the plaintiff is "armed with the facts about the harm done to him, [and] can

---

[4] Even assuming, arguendo, that the claims in the present action stem from Plaintiff's notification to Defendants of the relocation of the mailbox, and not the relocation itself (which this Court does not find compelling), Plaintiff's claims would still fail as a matter of law because, according to Plaintiff, those notifications and/or correspondences occurred in 2008, 2012, and 2013, also beyond the two year statute of limitations.

10

protect himself by seeking advice...." *Id.* at 123, 100 S.Ct. at 360. Plaintiff failed to present his tort claims to any federal agency, much less the appropriate federal agency (*See* Declaration of Kimberly A. Herbst, Doc. 3-1) and because more than two years have passed since Plaintiff's claimed accrued (in 2003), Plaintiff's claim for mental anguish is now time barred and due to be dismissed.

## CONCLUSION

After careful consideration of the record, it is recommended that this action be dismissed with prejudice pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with

11

the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 22nd day of April, 2016.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE